UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BROOKE THOMAS,

    Plaintiff,

v.                                                                       Case No.:

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Brooke Thomas, files her Complaint against Defendant, Life Insurance Company of North America, and says:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Brooke Thomas ("Ms. Thomas"), is a citizen of the United States, and was at all times relevant a participant of the long-term disability insurance policy at issue (the "long-term disability policy"). Defendant, Life Insurance Company of North America ("LINA" or "Defendant"), is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

## III.   FACTS

3. At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of Defendant's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5. Ms. Thomas was employed with Capital One Financial Corporation ("Capital One") as a Fraud Intake Representative. By virtue of her employment at Capital One, Ms. Thomas was an eligible participant of the long-term disability policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Ms. Thomas a monthly benefit in the event that she became disabled.

7. The long-term disability policy defined Disability, in pertinent part, as follows:

*The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*

*(1) unable to perform the material duties of his or her Regular Occupation; and*
*(2) unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*

*(1) unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*
*(2) unable to earn 80% or more of his or her Indexed Earnings.*

8. The long-term disability policy contains a pre-existing condition exclusion defined, in pertinent part, as follows:

*Pre-Existing Condition Limitation*

> *"The Insurance Company will not pay benefits for any period of Disability caused or contributed to by, or resulting from, a Pre-existing Condition. A "Pre-existing Condition" means any Injury or Sickness for which the Employee incurred expenses, received medical treatment, care or services including diagnostic measures, took prescribed drugs or medicines, or for which a reasonable person would have consulted a Physician within 3 months before his or her most recent effective date of insurance.*

9. Ms. Thomas has suffered, and continues to suffer, from a number of medical conditions, including but not limited to, identity disorder, cervical dystonia, cervical radiculopathy, lumbar radiculopathy, lumbosacral spondylosis, post-traumatic stress disorder (PTSD), fibromyalgia, migraines, muscle spasms, anxiety, and depression.

10. Ms. Thomas has been unable to perform the material duties of her regular occupation or any occupation for which she may reasonably become qualified based on education, training, or experience. Ms. Thomas is disabled under the terms of the long-term disability policy.

11. Ms. Thomas was forced to discontinue working in March of 2019 due to her disabling conditions.

12. In accordance with the procedures set forth by the long-term disability policy, Ms. Thomas notified Defendant that she was disabled.

13. By letter dated October 22, 2019, Defendant denied Ms. Thomas's claim for long-term disability benefits.

14. In its denial letter dated October 22, 2019, Defendant stated Ms. Thomas's claim was excluded under the pre-existing condition exclusion.

15. Ms. Thomas timely appealed Defendant's decision to deny her long-term disability benefits.

16. Defendant denied Ms. Thomas's appeal for long-term disability benefits and communicated its decision via letter dated December 06, 2019.

17. By letter dated December 10, 2019, Ms. Thomas provided Defendant additional information in support of her claim.

18. By letter dated December 23, 2019, Defendant notified Ms. Thomas that "[b]ased on the independent review of the adverse claim determination, including information submitted in support of the appeal, a determination has been made that the prior decision should be overturned based on your diagnoses of cervical spine degenerative disc disease and dissociative identify disorder."

19. By letter dated January 02, 2020, Defendant notified Ms. Thomas that her claim for long-term disability benefits had been denied.

20. In its denial letter dated January 02, 2020, Defendant stated that "[w]hile we acknowledge the severity of your psychiatric conditions and agree they may cause you to be unable to work, it is not definitely confirmed that your condition is not related to your pre-existing conditions and we are unable to support the diagnosis of DID."

21. By letter dated June 24, 2020, Ms. Thomas timely appealed the denial of her long-term disability benefits.

22. By letter dated September 10, 2020, Defendant denied Ms. Thomas's appeal for long-term disability benefits.

23. Ms. Thomas exhausted her appeals under ERISA.

24. In denying Ms. Thomas's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

25. The denial of Ms. Thomas's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

26. Defendant's denial of Ms. Thomas's disability benefits breached the fiduciary duties owed to Ms. Thomas under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Thomas as a participant of long-term disability policy.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 26 as if fully stated herein and says further that:

27. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

28. Plaintiff is entitled to the benefits identified herein because:

    a. the benefits are permitted benefits under the policy;

    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

29. Defendant has refused to pay the benefits sought by Ms. Thomas, ignoring the medical records and clear opinions of her physicians.

### V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 29 as if fully stated herein and says further that:

30. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 30 as if fully stated herein and says further that:

31. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

32. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

33. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Brooke Thomas, prays for a judgment against Defendant, Life Insurance Company of North America, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 14th day of December, 2020.*

/s/ Kevin P. Schaefer
Kevin P. Schaefer (FBN. 123688)
kevin@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007

*Counsel for Plaintiff, Brooke Thomas*